**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**PATRICE ROLLINS,**

                **Plaintiff,**

**v.**                                         **Civil Action No. 2:06cv375**

**DRIVE-1 OF NORFOLK, INC.,**
**and**
**WFS FINANCIAL, INC.**

                **Defendants.**

<u>**ORDER AND OPINION**</u>

This matter comes before the court on defendant WFS Financial's Motion to Dismiss.

After examination of the briefs and record, this court determines oral argument is unnecessary

because the facts and legal arguments are adequately presented, and the decisional process would

not be significantly aided by oral argument.  The court, for the reasons set out fully herein,

**GRANTS IN PART** and **DENIES IN PART** the defendant's motion to dismiss.

I.  Procedural Background

On or about June 14, 2006, plaintiff Patrice Rollins filed suit in the Circuit Court for the

City of Norfolk, against defendants Drive-1, a used car dealer, and WFS, a financing company.

In her complaint, plaintiff alleges five separate claims against the defendants.  The five claims

brought by the plaintiff in her complaint are as follows: count one alleges that defendants Drive -

1 and WFS violated the federal Odometer Act, 49 U.S.C. § 32705(a); count two alleges that both

defendants committed fraud; count three alleges a violation of the Virginia Consumer Protection

Act, Va. Code. Ann. § 59.1-200(A)(5) and (6), against both defendants; count four alleges that

both defendants are liable for breach of contract; and count five alleges conversion against

defendant WFS.  WFS's alleged liability for the first four counts is derivative of Drive-1's

liability, in that plaintiff asserts that a rule promulgated by the Federal Trade Commission (the

"FTC Holder Rule") permits a consumer to assert against the holder of a retail installment sales

contract any claims or defenses on that contract that she would be permitted to assert against the

seller.  See 16 C.F.R. § 433.2.  It is the reach and applicability of the Holder Rule that is centrally

at issue in defendant WFS's motion to dismiss.

On June 30, 2006, defendant WFS removed the case to this court on the basis of this

court's jurisdiction over the alleged violation of the federal Odometer Act and through the

application of the Holder Rule.  At the same time, defendant WFS filed both an answer to the

complaint and a Motion to Dismiss the plaintiff's complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6) on the grounds that the complaint fails to state a claim for which relief could

be granted.  The plaintiff responded to defendant WFS's motion to dismiss on July 13, 2006, and

defendant WFS filed a reply brief on July 18, 2006.  Defendant WFS's motion is now ripe for

review.


## II.  Factual Background

As the matter is before the court on the defendant's motion, the following facts are

construed in the light most favorable to the plaintiff, the non-moving party.  See Schatz v.

Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991).  On October 4, 2005, plaintiff Patrice Rollins

purchased a used 2002 Volkswagen Jetta GLS from defendant Drive-1, a used car dealer located in the City of Norfolk, Virginia.  At the time of the sale, the car's odometer read approximately 84,390 miles.  To purchase the vehicle, the plaintiff signed a financing agreement with defendant Drive-1, whereby she made a $1,000 down payment and agreed to have Drive-1 finance the rest of the car's purchase price.  The plaintiff also agreed to purchase an extended service warranty on the car, that would cover problems with the vehicle for twelve months or twelve thousand miles.

At the time of the contract formation or shortly thereafter, defendant Drive-1 assigned the financing contract to defendant WFS.  Subsequent to her acquisition of the vehicle, but on a date unspecified in the pleadings, the plaintiff discovered that the odometer was not functioning properly, so that it was not recording the actual mileage that the vehicle had traveled.[1]  On May 19, 2006, defendant WFS repossessed the vehicle, and did not disclose its location to the plaintiff in order to permit her to reclaim her personal belongings until she instituted the current lawsuit.

III.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the defendant to request dismissal if the plaintiff has filed a claim upon which relief cannot be granted.  FED. R. CIV. P. 12(b)(6). In assessing a  motion to dismiss for failure to state a claim upon which relief can be granted, "a count should be dismissed only where it appears beyond a reasonable doubt that recovery would be impossible under any set of facts which could be proven."  America Online, Inc. v.

---

[1]It appears from the wording of plaintiff's complaint that the car's odometer indicated that another mile had passed when the car had in fact only traveled approximately 7/10 of a mile. (Complaint, ¶ 17.)  The plaintiff, however, has not alleged how great the discrepancy between the car's actual miles and the indication on the odometer actually is.

GreatDeals.Net, 49 F. Supp. 2d  851, 854 (E.D. Va. 1999).  The court must "assume the truth of

all facts alleged in the complaint and the existence of any fact that can be proved, consistent with

the complaint's allegations."  Eastern Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175,

180 (4th Cir. 2000) (citations omitted).

While the court must take the facts in the light most favorable to the plaintiff, the court is

not bound with respect to the complaint's legal conclusions.  See Schatz v. Rosenberg, 943 F.2d

485, 489 (4th Cir. 1991). Dismissal pursuant to Rule 12(b)(6) is appropriate when upon

considering the facts set forth in the complaint as true and construing the facts in the light most

favorable to the non-moving party, there is no basis on which relief can be granted.  See Scheuer

v. Rhodes, 416 U.S. 232, 236 (1974).  Dismissal should not be granted unless the moving party

can demonstrate that no set of allegations will support the complaint.  Rogers v. Jefferson-Pilot

Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); District 28, United Mine Workers of Am., Inc.

v. Wellmore Coal Corp., 609 F.2d 1083 (4th Cir. 1979).


IV. Analysis

A.  The Holder Rule

Pursuant to 16 C.F.R. § 433.2, every consumer installment contract must include specific

language that has come to be known as the "FTC Holder Rule," and which requires that any

holder of the contract be subject to all claims and defenses which the debtor-consumer could

assert against the seller of goods as a result of the contract.  See 40 Fed. Reg. 53,505, 53,524

(1975).  The function of the Holder Rule is to abrogate the holder-in-due-course status of

financing companies with respect to retail installment sales contracts that the financing

companies have purchased from retail sellers.  The policy rationale behind the Holder Rule is

that financing companies are in a much better position to evaluate the risks of dealing with

certain sellers than are individual consumers, and therefore are better suited to bear the risk that a

given seller will have engaged in wrongful business practices.  See id.  The specific language that

the Holder Rule requires to be inserted in every consumer installment contract is as follows:

"ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL

CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE

SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE

PROCEEDS HEREOF.  RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT

EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."  16 C.F.R. § 433.2.

While this language appears plain on its face, comments from the FTC published in the

Federal Register evince certain limits on the use of the Holder Rule to affirmatively assert claims

against a holder.  The commentary confirms that a buyer who is aggrieved by a seller in breach

may "defend a creditor suit for payment of an obligation by raising a valid claim against the

seller as a setoff" and may bring "an affirmative action against a creditor who has received

payments for a return of monies paid on account."  40 Fed. Reg. 53,505, 53,524 (1975).

However, the FTC's commentary also indicates that the affirmative use of the Holder Rule "will

only be available where a seller's breach is so substantial that a court is persuaded that rescission

and restitution are justified."  Id.  Additionally, the comments indicate the FTC's position that

> [c]onsumers will not be in a position to obtain an affirmative recovery from a creditor
> unless they have actually commenced payments and received little or nothing of value
> from the seller.  In a case of non-delivery, total failure of performance, or the like, we
> believe that the consumer is entitled to a refund of monies paid on account.

5

Id. at 53,527.

Read in conjunction with the language of the Holder Rule, the commentary appears to significantly curtail the use of the Holder Rule as a "sword," restricting the consumer from availing himself of its benefits to those situations where "rescission and restitution are justified." Id. at 53,524.

In its motion to dismiss, defendant WFS argues that although it is indeed the holder of the installment contract on the car purchased by the plaintiff, the plaintiff cannot use the FTC Holder Rule to hold WFS derivatively liable for those claims, because the plaintiff has not pleaded rescission in her complaint.  In support of this assertion, WFS cites as persuasive several cases and points to the commentary in the Federal Register.  In Irby-Greene v. M.O.R., Inc., 79 F.Supp.2d 630 (E.D. Va. 2000), this court agreed with the numerous other courts that have followed the language of the commentary to the Holder Rule, holding that "most courts have concluded that the primary purpose of [the Holder Rule] is to provide a defense to claims brought by the creditor; any affirmative use of the clause has generally been limited to the rare situation when the seller's breach renders the transaction practically worthless to the consumer."  Id. at 635-36.  See also Crews v. Altavista Motors, Inc., 65 F.Supp.2d 388, 391 (W.D. Va. 1999); Boggess v. Lewis Raines Motors, Inc., 20 F.Supp.2d 979, 982 (S.D. W.Va. 1998); Mount v. LaSalle Bank Lake View, 926 F.Supp. 759, 764-65 (N.D. Ill. 1996); Maberry v. Said, 911 F.Supp. 1393, 1403 (D. Kan. 1995).  In Irby-Greene, the plaintiff brought an action against a used car dealer and a financing company on the basis of violations of the Truth In Lending Act and the federal Odometer Act resulting from a purchase of a used car.  The court noted that even though plaintiff alleged a discrepancy of nearly 40,000 miles on the car's odometer, the actual

change in value of the car might have been only around $400.  Id. at 636 & n.22.  However, the

court observed that "under the liberal pleading requirements of Rule 8, Fed. R. Civ. P., plaintiff

has properly alleged a cause of action for rescission of the contract . . . and . . . may proceed with

her claim."  Id. at 636.

Federal Rule of Civil Procedure 8(a) requires a complaint to contain only "a short and

plain statement of the claim showing that the pleader is entitled to relief."  This requirement is

quite liberal, in that the plaintiff must only provide "fair notice of what the plaintiff's claim is and

the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  However, "[w]hile

a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter,

in her complaint, a plaintiff *is* required to allege facts that support a claim for relief."  Bass v. E.I.

Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (emphasis in original).

In the instant case, the plaintiff alleges that she is unable to quantify her losses as a result

of defendant Drive-1's malfeasance, because she simply has no idea how many miles the car's

odometer should read.  Although the plaintiff has not specifically alleged that the vehicle she

received is worthless, the possibility remains that she will be able to prove a significant

difference between the price she paid for the car and the car's actual value.  It was this

possibility, combined with the liberal pleading requirements, that influenced the court in Irby-

Greene to deny the defendant's motion to dismiss.  See Irby-Greene, 79 F.Supp. 2d at 636.

The issue that remains, however, is whether the plaintiff is required to make a claim for

rescission of the contract in order to invoke the affirmative use of the Holder Rule.  Although the

commentary to the Holder Rule specifically mentions that affirmative relief "will only be

available where a seller's breach is so substantial that a court is persuaded that rescission and

restitution are justified," the plain meaning of the Holder Rule cannot be ignored.  40 Fed. Reg. 53,527 (1975); 16 C.F.R. § 433.2.  Additionally, the commentary by its terms does not mandate that an aggrieved consumer specifically request rescission and restitution, but simply that a court be persuaded that these remedies are justified.  40 Fed. Reg. 53,527 (1975).  This is not simply careful parsing of the language, but instead is the direct reading of the words used in the commentary.  Another district court in this circuit, in granting a defendant's motion to dismiss on a similar claim, noted that the plaintiffs in that case did not seek rescission of the contract. Crews v. Altavista Motors, Inc., 65 F.Supp. 2d 388, 391 (W.D. Va. 1999).  However, the court in Crews noted that, even if it had adopted a more lenient stance on the issue, the plaintiffs would be unable to succeed with their claims because they were not entitled to recover more than the remainder of the debt owed.  Id.  In this case, because the plaintiff is at present unable to specify the difference in value of the car in the condition she believed she was purchasing it and the condition that it actually was in when purchased, she is incapable of specifically pleading that she received little or nothing out of the transaction.  Yet had she limited her recovery by specifically pleading a dollar amount that was less than what she owed on the debt, she would have been unable to recover against defendant WFS by virtue of the Holder Rule.  Nevertheless, the facts she has pleaded are sufficient under FED. R. CIV. P. 8 to put the defendants on notice as to her claims against them.

Should the plaintiff prove the facts she alleges in her complaint, and demonstrate that the car she purchased was worth significantly less than the price she paid for it, she may be entitled to the relief that she requests.  In Boggess v. Lewis Raines Motors, Inc., 20 F.Supp. 2d 979 (S.D. W.Va. 1998), the court denied the defendant bank's motion to dismiss for lack of subject matter

jurisdiction, and in doing so held that if the plaintiff could prove its allegations regarding a 100,000 mile odometer discrepancy, it would constitute a violation of the federal Odometer Act sufficient to justify rescission and restitution.  Id. at 982.  The case is particularly noteworthy because the plaintiff did not make a specific plea for restitution and rescission, but the court was still willing to allow the claim to proceed because of the possibility that a jury would find that the plaintiff was entitled to rescission.  Id. at 980, 982.

Given the liberal pleading requirements of Federal Rule of Civil Procedure 8, and the standard of review of motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), it is clear that the plaintiff's complaint alleges sufficient claims against defendant WFS to survive a motion to dismiss with regard to Counts I-IV.


B.  Conversion

Defendant WFS also moves this court to dismiss the plaintiff's conversion claim against it, arguing that, because of its security interest in the vehicle, it was entitled to repossess it lawfully after she had revoked her acceptance and stopped making payments on the debt.  The plaintiff has admitted that she stopped making payments on the car when she discovered the alleged problems with its odometer, and acknowledges that she communicated to WFS that she was revoking her acceptance of the vehicle.  Noting that she apparently had some personal belongings which were in the car when it was repossessed, the plaintiff argues that the repossession amounts to conversion of both the vehicle and the personal items inside it.  When pressed, however, the plaintiff admits that she was able to recover her personal belongings from the vehicle, when WFS informed her of its location following the filing of this lawsuit.

In Virginia, the tort of conversion "encompasses 'any wrongful exercise or assumption of authority . . . over another's goods, depriving him of their possession; [and any] act of dominion wrongfully exerted over property in denial of the owner's right, or inconsistent with it.'" <u>United Leasing Corp. v. Thrift Ins. Corp.</u>, 247 Va. 299, 305 (1994) (quoting <u>Universal C.I.T. Credit Corp. v. Kaplan</u>, 198 Va. 67, 75 (1956)).  A properly asserted claim for conversion will show, by a preponderance of the evidence, "(i) the ownership or right to possession of the property at the time of the conversion and (ii) the wrongful exercise of dominion or control by defendant over the plaintiff's property, thus depriving plaintiff of possession." <u>Airlines Reporting Corp. v. Pishvaian</u>, 155 F.Supp. 2d 659, 664 (E.D. Va. 2001).

WFS directs the court's attention to a recent decision from the United States District Court for the Western District of Virginia, <u>Adkins v. Crown Auto, Inc.</u>, 2005 WL 1278948 (W.D. Va. 2005) (slip op.), where the court addressed a similar claim for conversion after the repossession of a car by the holder of a security interest.  There, the court noted that the lawful repossession of an automobile by the secured party after a repudiation of the contract by the car's buyer simply did not rise to the level of wrongful exercise of dominion.  <u>Id.</u> at *4.  In the instant case, the facts as admitted by the plaintiff indicate that the behavior of defendant WFS in repossessing the vehicle could not legally constitute the tort of conversion.  Therefore, plaintiff's claim of conversion against WFS in Count V is dismissed.


V.  Conclusion

For the reasons stated on the record, the court **DENIES** the defendant's motion to dismiss for failure to state a claim for which relief can be granted as to plaintiff's Counts I-IV and **GRANTS**

10

the defendant's motion to dismiss for failure to state a claim for which relief can be granted as to

plaintiff's Count V.

   The Clerk is **REQUESTED** to send a copy of this Order to counsel of record for all

parties.

   It is so **ORDERED**.


                  /s/

                Jerome B. Friedman
             UNITED STATES DISTRICT JUDGE

August 29, 2006
Norfolk, Virginia