IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**PATRICE ROLLINS,**

                    **Plaintiff,**

v.                                                             Civil Action No. 2:06cv375

**DRIVE-1 OF NORFOLK, INC.,**

and

**WFS FINANCIAL, INC.,**

                    **Defendants.**

## ORDER AND OPINION

Currently before the court is defendant WFS Financial, Inc.'s ("WFS's") Motion for Summary Judgment, pursuant to FED. R. CIV. P. 56, filed with attached supporting exhibits. After examination of the briefs and record, this court determines that oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. The court, for the reasons stated fully herein, **GRANTS** WFS's motion for summary judgment.

**I. Factual and Procedural Background**

The background of this case is more fully set out in this court's order of August 29, 2006, granting in part and denying in part WFS's motion to dismiss. That order allowed the plaintiff, Patrice Rollins, to proceed in her action against WFS under the federal Odometer Act, 49 U.S.C. § 32705(a), and the FTC Holder Rule, 16 C.F.R. § 433.2, because, under the liberal pleading

requirements of Federal Rule of Civil Procedure 8, she had made a valid claim that she received "little or nothing of value" when she purchased a used automobile from defendant Drive-1 of Norfolk, Inc. ("Drive-1").[1]  See Order and Opinion of August 29, 2006, at 8.  In the interim, the parties have engaged in mutual discovery, and the plaintiff has obtained the opinion of an automobile appraiser as to the decrease in value of her automobile as a result of the alleged odometer malfunction.

On January 10, 2007, WFS filed the instant motion for summary judgment, alleging that there exist no genuine issues of material fact and that it is entitled to judgment as a matter of law. The plaintiff filed a response brief on January 23, 2007, and WFS filed a reply brief on January 29, 2007.  The matter is therefore ripe for consideration.

**II. Standard of Review**

Summary judgment under Federal Rule of Civil Procedure 56 is only appropriate when the court, viewing the record as a whole and in the light most favorable to the non-moving party, determines that there exist no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986); Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985).  Once a party has properly filed evidence supporting the motion for summary judgment, the non-moving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial.  Celotex Corp., 477 U.S. at 322-24.  Such facts must be presented in the form of

---

[1]The plaintiff's chief allegation is that the vehicle she purchased had a malfunctioning odometer that would record an additional mile traveled after the car had only gone seven-tenths of a mile.

exhibits and sworn affidavits. Failure by the plaintiff to rebut defendant's motion with such evidence will result in summary judgment. "[T]he plain language of Rule 56 mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. Although the moving party bears the initial burden of stating the basis for its motion, that burden can be discharged if the moving party can show "an absence of evidence to support the non-moving party's case." Id. at 323, 325. After the moving party has discharged the burden, the non-moving party must then designate specific facts showing that there is a genuine issue of material fact. Id. at 324.

To enter summary judgment, a court does not need to determine that there are no factual issues in dispute. To find against the moving party, however, the court must find both that the facts in dispute are material and that the disputed issues are genuine. A factual dispute is deemed to be material if it is dispositive of the claim. See Thompson Everett, Inc. v. National Cable Advertising, L.P., 57 F.3d 1317, 1323 (4th Cir. 1995). Similarly, a factual dispute is considered genuine if it is based on more than speculation or inference. Celotex Corp., 477 U.S. at 327; Runnebaum v. NationsBank of Md., N.A., 123 F.3d 156, 164 (4th Cir. 1997) (en banc), overruled on other grounds by Bragdon v. Abbott, 524 U.S. 624 (1998).

While it is the movant's burden to show the absence of a genuine issue of material fact, Pulliam Investment Co., Inc. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987), it is the non-movant's burden to establish the existence of such an issue. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-587 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on

3

which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. To survive summary judgment, the non-moving party must present evidence that is "significantly probative." Celotex Corp., 477 U.S. at 327.

### III. Analysis

Although the holder-in-due-course doctrine would ordinarily insulate the holder of an automobile financing note from liability to a purchaser for the actions of the automobile dealership, the FTC Holder Rule, 16 C.F.R. § 433.2, operates to abrogate the holder-in-due-course status of the financing company. The rule requires that specific language be included in every financing contract, and appears on its face to permit a dissatisfied purchaser to assert against the financing company any claims he would have against the dealership. The application of the Holder Rule in practice, however, is much more limited. This court, in addition to several other district courts, has held that, to use the Holder Rule as a "sword" for affirmative relief against a financing company, a purchaser must demonstrate that he received "little or nothing of value" in the purchase. See Irby-Greene v. M.O.R., Inc., 79 F.Supp.2d 630, 635 (E.D. Va. 2000). See also Crews v. Altavista Motors, Inc., 65 F.Supp.2d 388, 391 (W.D. Va. 1999); Boggess v. Lewis Raines Motors, Inc., 20 F.Supp.2d 979, 982 (S.D. W.Va. 1998); Mount v. LaSalle Bank Lake View, 926 F.Supp. 759, 764-65 (N.D. Ill. 1996); Maberry v. Said, 911 F.Supp. 1393, 1403 (D. Kan. 1995).

This view is supported by commentary in the Federal Register regarding the scope of the Holder Rule as a vehicle for affirmative relief. The FTC's position is that

> [c]onsumers will not be in a position to obtain affirmative recovery from a creditor unless they have actually commenced payments and received little or nothing of value from the seller. In a case of non-delivery, total failure of performance, or the like, we believe that

the consumer is entitled to a refund if monies paid on account.

40 Fed. Reg. 53,527 (1975). See also id. at 53,524 (noting that the affirmative use of the Holder Rule might be appropriate in the rare circumstance "where a seller's breach is so substantial that a court is persuaded that rescission and restitution are justified"). This commentary has been cited in both this court's previous decisions and in the decisions of several other district courts interpreting the Holder Rule. See, e.g., Irby-Greene v. M.O.R., Inc., 79 F.Supp.2d 630, 635 (E.D. Va. 2000), Crews v. Altavista Motors, Inc., 65 F.Supp.2d 388, 390 (W.D. Va. 1999); Boggess v. Lewis Raines Motors, Inc., 20 F.Supp.2d 979, 982 (S.D. W.Va. 1998); Mount v. LaSalle Bank Lake View, 926 F.Supp. 759, 763 (N.D. Ill. 1996); Maberry v. Said, 911 F.Supp. 1393, 1402 (D. Kan. 1995). Therefore, the plaintiff must demonstrate that she received "little or nothing of value" in the transaction, or that she is entitled to rescission and restitution under Virginia law. See Irby-Greene, 79 F.Supp.2d at 635.

WFS's principal contention is that summary judgment is appropriate because the plaintiff cannot demonstrate that the automobile she purchased from Drive-1 is practically worthless, so as to invoke the protection of the Holder Rule. In support of this, WFS directs the court's attention to the report prepared by Jeffrey E. Locke, a vehicle appraiser who was hired by the plaintiff to assess the diminution in value of her car as a result of the odometer discrepancy. Locke's report, which he asserts is based on his experience, repair records and other documentation, and market knowledge, was admittedly prepared without Locke actually seeing the car in question. Nevertheless, Locke's conclusion is that, although the car "should have a retail value of $14,000, [it] is really only worth $11,000 (retail)." Vehicle Appraisal Report of Jeffrey Locke (hereinafter "Locke Report"), WFS's Exhibit 1. Thus WFS claims that an $11,000

automobile as a matter of law cannot be considered "practically worthless."

The plaintiff responds by averring that she received "little or nothing of value" in the transaction, as measured by her own subjective opinion. She claims that the car she received is completely worthless to her. In doing so, she essentially asks the court to disregard the Locke Report, which found that the car was objectively worth $11,000, and instead focus on her subjective belief that the car is worthless. The plaintiff further argues that "[h]ow much money constitutes a significant diminution in value is a fact question for the jury." Plaintiff's Response Brief, at 4. She cites Irby-Greene in support of this proposition, indicating that the court allowed the case to proceed even where its rough estimate of loss in value was only $400. However, the court in Irby-Greene was ruling on a motion to dismiss under Rule 12(b)(6), and therefore was applying a standard more lenient to non-movants than the standard applied in the case of a motion for summary judgment. The Irby-Greene court denied the motion to dismiss, in part because the plaintiff in that case had complied with the liberal pleading requirements of Federal Rule of Civil Procedure 8, and therefore the court could not find that the plaintiff had failed to state a claim for which relief could be granted. Irby-Greene, 79 F.Supp.2d at 636. Following the same rationale as in Irby-Greene, this court denied WFS's motion to dismiss the plaintiff's Odometer Act claim against it, noting that the plaintiff had complied with Rule 8's pleading requirements in making a valid allegation. See Order and Opinion of August 29, 2006, at 8.

The instant motion, however, is one for summary judgment, and the plaintiff errs in suggesting that Irby-Greene stands for the proposition that even a $400 decrease in value could be sufficient basis for application of the Holder Rule. In fact, the court questioned whether the plaintiff could meet her burden of proof, stating:

> The burden remains on the plaintiff to prove that the alleged Odometer Act violation is significant enough to establish [the financing company]'s liability under the clause. This burden may be difficult to meet, as a superficial analysis using the Kelly Blue Book Web Page suggests that the difference in value between two, well-maintained 1991 4-door Nissan Sentras, one with 113,000 miles and the other with 73,000 miles, is only about $400.00.

Irby-Greene, 79 F.Supp.2d at 636 n.22 (citation omitted). Although the plaintiff is in one sense correct that the question of value is one of fact, in the instant case the fact, although material, is not the subject of a genuine dispute between the parties.

As noted before, a factual dispute must be genuine in order to survive summary judgment. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 327(1986). Once a summary judgment movant has proffered evidence that there exist no genuine issues of material fact, the non-movant, to survive summary judgment, "must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." Baber v. Hospital Corp. of Am., 977 F.2d 872, 875 (4th Cir. 1992). Here, WFS has provided evidence that the car is still worth $11,000. The plaintiff disputes this claim. However, the factual dispute is not genuine, for the plaintiff's claim that the automobile is worthless is based upon nothing more than speculation and inference, and is in fact simply a restatement of the claims made in her complaint. The only valuation supported by any evidence is that found in the Locke Report, which asserts that the vehicle in question is still worth $11,000. Significantly, the Locke Report was prepared at the behest of the plaintiff herself, who now seeks to have the court disregard its conclusions. In contrast to the conclusions reached in the Locke Report, which are grounded in objective fact, the plaintiff's assertion that the vehicle is worthless is entirely unfounded. The plaintiff's conclusory allegations are therefore insufficient to defeat a motion for summary

judgment. See, e.g., id. at 874-75.

The plaintiff analogizes the instant case to one in which a hypothetical car purchaser had contracted to buy a blue car, but instead was provided with an orange car. Although she admits that objectively the two cars might have the same value, the plaintiff argues that the purchaser would be entitled to refuse acceptance of the orange car. While this might be true, it is irrelevant: at issue in this case is not whether she would be entitled to reject a nonconforming car, it is whether the car she received is "essentially worthless." In that regard, the FTC regulation describing a transaction in which there is "non-delivery, total failure of performance, or the like," 40 Fed. Reg. 53,527 (1975), is particularly instructive. While in the plaintiff's hypothetical, the purchaser might be entitled to use the Holder Rule against a financing company if the blue car was never even delivered, she would not be permitted to use the Holder Rule as a "sword" simply because the car was a different color than desired. Here, the evidence points squarely to the conclusion that the plaintiff received a car that has significant value, even if it was not worth the full amount she anticipated it would be worth. See Mardis v. Ford Motor Credit Co., 642 So.2d 701, 704 (Ala. 1994) (finding that "because the [buyers] received an automobile of substantial value from [the seller], (although they may not have received the model that they thought they had contracted for), they had no basis under the FTC regulations to sue [the assignee] for the wrongdoing of [the seller]"). Therefore, she is not entitled to use the Holder Rule to assert a claim under the Odometer Act against WFS.

The plaintiff further claims that she would be entitled to rescission and restitution of her

purchase of the automobile from Drive-1.[2] However, she cites no law in support of this assertion, instead choosing again to rely on a conclusory allegation in an attempt to create a genuine issue of fact. That the plaintiff may be able to demonstrate that she did not receive the vehicle she bargained for does not entitle her to rescission and restitution. With no evidence beyond her bare allegations that she is entitled to rescission and restitution, the plaintiff has not created a genuine issue of material fact upon which a jury could base a ruling in her favor. See, e.g., Baber v. Hospital Corp. of Am., 977 F.2d 872, 875 (4th Cir. 1992).

Therefore, this court finds, as a matter of law, that the plaintiff cannot demonstrate either that she received "little or nothing of value" in the purchase of the automobile in question or that she is entitled to rescission and restitution. Thus, she cannot use the Holder Rule to hold WFS liable for any damages on her claim under the Odometer Act. Without the affirmative use of the Holder Rule, the plaintiff's claim against WFS for violation of the Odometer Act cannot withstand summary judgment.

## IV. Conclusion

Because the plaintiff has failed to demonstrate that there exists a genuine issue of material fact upon which a jury could base a verdict in her favor, summary judgment in favor of WFS is appropriate. Therefore, WFS's motion for summary judgment is **GRANTED** and the plaintiff's claim against WFS is **DISMISSED**. WFS's claim for attorneys' fees is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record for all

---

[2]The plaintiff also argues that a genuine issue of material fact exists as to whether Drive-1 is solvent. However, the solvency of Drive-1 is entirely immaterial to whether the plaintiff may proceed with a claim against WFS. Because the fact is not dispositive of the claim at issue, it is not material, and therefore is not valid to defeat summary judgment. See, e.g., Thompson Everett, Inc. v. National Cable Advertising, L.P., 57 F.3d 1317, 1323 (4th Cir. 1995).

parties.

       It is so **ORDERED**.

                                             /s/
                                  Jerome B. Friedman
                         UNITED STATES DISTRICT JUDGE

February 21, 2007
Norfolk, Virginia